FILED
MAY 0 6 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MACLEAN-FOGG COMPANY, a Delaware )
Corporation, and MACLEAN POWER, LLC, )
a Delaware Limited Liability Company, )
)
Plaintiffs, )
)
v. )
)
NINGBO FASTLINK EQUIPMENT, CO., )
LTD., an Alien Company, DAVID ZHANG, an )
Alien, CHARLIE JIN, an Alien, )
INTERNATIONAL CABLE CORPORATION, )
a Massachusetts Corporation, and )
CABLENETWORK ASSOCIATES, INC., a )
Florida Corporation, )
)
Defendants. )
)



08CV2593
JUDGE GUZMAN
MAGISTRATE JUDGE ASHMAN

FILED
MAY 6, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT FOR
## INJUNCTIVE AND OTHER RELIEF

Plaintiffs, MacLean-Fogg Company and MacLean Power, LLC, (collectively, "MacLean"), by and through their counsel, Winston & Strawn, LLP and the Alden Law Group, LLP, and for their Complaint for Injunctive and Other Relief against Defendants, Ningbo Fastlink Equipment Co., Ltd., ("Ningbo"), David Zhang ("Zhang"), Charlie Jin ("Jin"), International Cable Corporation ("ICC"), and CableNetwork Associates, Inc. ("CNA"), (collectively, "Defendants"), state as follows:

### JURISDICTION

1. The Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 as this action involves substantial claims arising under the United States Trademark Act of 1946, commonly know as the Lanham Act. This Court has supplemental jurisdiction over

MacLean's state-law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

## THE PARTIES

2. MacLean-Fogg Company is a Delaware corporation with its principal place of business located at 1000 Allanson Road, Mundelin, Illinois.

3. MacLean Power, LLC is a Delaware limited liability company with its principal place of business located at 11411 Addison Avenue, Franklin Park, IL 60131. MacLean Power is a subsidiary and an operating unit of the MacLean-Fogg Company.

4. Upon information and belief, International Cable Corporation is a Massachusetts corporation with its principal place of business at 33 Wales Avenue, Avon, MA 02322.

5. Upon information and belief, CableNetwork Associates, Inc. is a Florida corporation with its principal place of business at 5001 NW 13th Avenue, Deerfield Beach, FL 33064.

6. Upon information and belief, Ningbo Fastlink Equipment Co., Ltd. is a Chinese company with its principal place of business located at Tiantong, Wuxiang, Yin Zhou, Ningbo Zheijung, China, 31511, and is in the business of manufacturing, exporting, and distributing connectors.

7. Upon information and belief, David Zhang resides in China, and is or was employed by Ningbo.

8. Upon information and belief, Charlie Jin resides in China and is employed by Ningbo.

## VENUE

9. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391, because, among other things, a substantial part of the events giving rise to the

claims herein occurred in this District as Defendants have caused infringing and/or counterfeit products to be sold and shipped into the Northern District of Illinois. Venue is also proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(d) in that Ningbo is an alien corporation, and Zhang and Jin are alien individuals.

10. Upon information and belief, Defendants, who introduced the infringing products into the stream of commerce, know that the infringing and/or counterfeit products will be sold into the Northern District of Illinois to end users through distributors.

11. This Court has personal jurisdiction over Defendants as they conduct business within the State of Illinois.

## THE REGISTERED TRADEMARKS

12. MacLean manufactures and sells, amongst other products, splices and deadend connectors that are advertised and sold under registered trademarks, Strandvise, Strandlink, Wirevise, and Wirelink (the "Trademarks"), and model or catalog numbers, including "5058" and "5059" (the "Model Numbers"). (The foregoing splices and deadend connectors shall hereinafter be referred to as the "MacLean Power Connectors.")

13. The MacLean Power Connectors have established and maintained, over many years, a high level of goodwill and a reputation in the electrical and telecommunications industry for safety, quality and consistency.

14. The Trademarks, Strandvise (Reg. No. 2,980,923), Strandlink (Reg. No. 2,947,854), Wirevise (Reg. No. 717,743), and Wirelink (Reg. No. 725,802), are registered on the principal register in the United States Patent and Trademark Office for splices and deadend connectors.

15. MacLean's Trademarks are valid and subsisting, uncancelled and unrevoked and

3

have become incontestable under 15 U.S.C. §1065.

16. MacLean uses the Trademarks in commerce and has the exclusive right to use the Trademarks in connection with any importation, sale, offer to sell, or distribution of splices and deadend connectors in the United States.

## TRADEMARK COUNTERFEITING

17. Defendants have used designations that are identical to, or substantially indistinguishable from, MacLean's Trademarks in connection with the sale, offer for sale, or distribution of, splices and deadend connectors (the "Ningbo Connectors").

18. Without MacLean's authorization, Defendants have used designations that are identical to or substantially indistinguishable from one or more of the Trademarks in selling, offering for sale, and/or distributing Ningbo Connectors.

19. Defendants have offered for sale, sold, and/or shipped Ningbo Connectors into this District.

20. Defendants' use of the Trademarks in connection with the Ningbo Connectors violates the Trademark Counterfeiting Act, including 15 U.S.C. §§ 1114 et seq.

21. Ningbo, Zhang, and Jin manufacture, advertise, offer for sale, and sell Ningbo Connectors.

22. Ningbo, Zhang, and Jin advertise, market, and offer for sale Ningbo Connectors on a variety of publicly accessible websites (hereinafter, "Ningbo Websites").

23. Ningbo Connectors are being identified on Ningbo Websites by using a variety of designations that are identical to, or substantially indistinguishable from, MacLean's Trademarks.

24. Each kind of the Ningbo Connectors that is advertised, marketed, offered for sale,

4

or sold by means of the Ningbo Websites has at least one and, sometimes several, designations associated with it.

25. Ningbo Connectors that have more than one designation associated with them, use each of their many designations interchangeably.

26. At least one kind of Ningbo Connector, a strand connector with a loop, is being identified on the Ningbo Websites by two interchangeable designations of "Fastvise -5058L" and "Wirevise -5058L", where "5058" stands for a model number and "L" stands for "loop".

27. "Wirevise -5058L" or "Fastvise -5058L" are being advertised and offered for sale in wire ranges of 0.102-0.114 inches.

28. Upon information and belief, ICC and CNA advertise, offer for sale, and sell Ningbo Connectors.

29. ICC advertises, offers for sale, and sells a strand connector with a loop that is being identified as "Fastvise 7/64".

30. ICC's "Fastvise 7/64" is being advertised and offered for sale in wire ranges of 0.102 -0.114 inches.

31. CNA advertises, offers for sale, and sells a strand connector with a loop that is being identified as "Wirevise Deadend".

32. CNA's "Wirevise Deadend" connector is identified by "5058" model number and is being advertised and offered for sale in wire ranges of 0.102 -0.114 inches.

## TRADEMARK INFRINGEMENT

33. Defendants have used and continue to use marks in commerce that are confusingly similar to MacLean's Trademarks and Model Numbers.

34. Defendants' use of marks that are similar to, or substantially indistinguishable

5

from, the MacLean Trademarks and Model Numbers has created a likelihood of confusion within the market place.

35. Defendants' use of the Trademarks and Model Numbers in connection with the sale and distribution of Ningbo Connectors has created actual confusion or a likelihood of confusion within the market place.

36. Defendants' foregoing conduct has damaged MacLean.

## COUNT I

### Violation of the Lanham Act
### (15 U.S.C. § 1114 et seq.)

37. MacLean repeats and realleges the allegations contained in Paragraphs 1 though 36 as though set forth fully herein.

38. MacLean has continually used the Trademarks in connection with the importation, sale, or distribution of the MacLean Power Connectors in the United States.

39. Defendants' acts as set forth in the foregoing paragraphs have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to MacLean.

40. As a result of Defendants' actions, MacLean has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT II

### Unfair Competition and False Designations of
### Origin and False and Misleading Representations
### (15 U.S.C. § 1125(a))

41. MacLean repeats and realleges the allegations contained in Paragraphs 1 though 40 as though set forth fully herein.

42. Defendants' use of the Trademarks in interstate commerce constitutes a false

6

designation of origin, description or representation in violation of MacLean's right in the Trademarks, which wrongfully and falsely designates, describes or represents MacLean's products, causing likely confusion, mistake and deception as to the affiliation, connection or association of the Ningbo Connectors with MacLean's products in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendants' actions have caused and, unless such actions are restrained by this Court, will continue to cause substantial and irreparable injury to MacLean.

44. As a result of Defendants' actions, MacLean has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT III

### Violation of the Illinois Uniform Deceptive Trade Practices Act
### (815 ILCS § 510/2)

45. MacLean repeats and realleges the allegations contained in Paragraphs 1 through 44 as though set forth fully herein.

46. Defendants' use of the Trademarks constitutes a deceptive trade practice in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 et seq. insofar as it:

    (a)    passes off the Defendants' products as products of MacLean;

    (b)    causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certificate of MacLean's products;

    (c)    causes a likelihood of confusion or misunderstanding as to the affiliation, connection or association with or certification by MacLean; or

(d)   represents that the Defendants' products have approval or sponsorship that they do not have.

47.   Defendants' actions as stated above constitute deceptive business practices in that those actions in trade and commerce use and employ practices set out in Section 2 of the Illinois Uniform Deceptive Trade Practices Act, 810 ILCS 510/2, and/or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material fact.

48.   Defendants have willfully engaged in the deceptive trade practices.

49.   Defendants' statutory violations have injured and will continue to injure MacLean, including loss of its customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of the Trademarks.

50.   Defendants' actions have caused, and unless such actions are restrained by this Court, will continue to cause substantial and irreparable injury to MacLean.

51.   Defendants have realized revenue and profits by virtue of their wrongful actions that they otherwise would not have obtained and to which they are not entitled.

## COUNT IV

### Common Law Trademark Infringement

52.   MacLean repeats and realleges the allegations contained in Paragraphs 1 through 51 as though set forth fully herein.

53.   MacLean owns and has continuously used the Trademarks and Model Numbers in connection with the sale and marketing of the MacLean Power Connectors, as described herein, in Illinois and in interstate commerce.

8

54. As a result, MacLean owns and enjoys common law rights in Illinois, and throughout the United States, in and to the Trademarks which are superior to any rights that Defendants may claim in and to such trademarks.

55. Defendants' conduct has caused and is likely to continue to cause confusion with MacLean's distinctive Trademarks. Consumers are likely to be confused as to the affiliation, connection, or association with MacLean, or as to the origin, sponsorship, or approval by MacLean of the Ningbo Connectors.

56. Defendants' actions have caused and will continue to cause damage to MacLean's goodwill and reputation, in violation of common law trademark principles.

## COUNT V

### Common Law Unfair Competition

57. MacLean repeats and realleges the allegations contained in Paragraphs 1 through 56 as though set forth fully herein.

58. Defendants' use of the Trademarks and Model Numbers is being done with the intent to pass off the Ningbo Connectors as originating from or having the sponsorship, affiliation, or approval of MacLean in order to trade on the goodwill created by MacLean in the Trademarks.

59. The actions of Defendants set forth above constitute the sale and passing off of their products as MacLean Power Connectors, infringement, imitation and misappropriation of the Trademarks and Model Numbers, unjust enrichment and unfair competition with MacLean in violation of MacLean's rights at common law.

60. Defendants' unauthorized use constitutes the common law tort of unfair competition.

9

61. The actions of Defendants set forth above have caused, and unless such acts are restrained by this Court, will continue to cause substantial and irreparable injury to MacLean.

62. Upon information and belief, Defendants' conduct was oppressive, fraudulent, and malicious entitling MacLean to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs MacLean-Fogg Company and MacLean Power, LLC request judgment in their favor and against Defendants as follows:

1. That Defendants and their agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns, be preliminarily and permanently enjoined and restrained from directly or indirectly:

   a. using the Trademarks and/or the Model Numbers, or any reproduction, counterfeit, copy, or colorable imitation of said marks, in connection with the importation, sale, offer for sale, or distribution of automatic connectors;

   b. using the Trademarks and/or Model Numbers, or any reproduction, counterfeit, copy, or colorable imitation or substantially similar representation of the Trademarks or the Model Numbers;

   c. using, employing or making any mention whatsoever of the Trademarks, the Model Numbers, or any other mark that is confusingly similar to the Trademarks or the Model Numbers in any and all promotional materials, on-line materials, websites, web pages, product labeling and packaging, and documents;

      d.    making any false or misleading statements regarding MacLean or its goods, or the relationship between MacLean and Defendants;

      e.    committing any other acts calculated to cause purchasers to believe that the Ningbo Connectors are MacLean products;

      f.    shipping, delivering, holding for sale, importing, marketing, distributing, returning, transferring, or otherwise moving or disposing of in any manner such automatic connectors or packaging bearing one or more of the Trademarks, the Model Numbers, or any reproduction, counterfeit, copy, or colorable imitation of the same; and

      g.    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f).

2.    That Defendants and any and all persons controlled by or acting in concert with Defendants be required to deliver to MacLean for destruction all goods, packages, and any other written or printed materials that bear or depict the Trademarks or the Model Numbers, or any reproduction, counterfeit, copy or colorable imitation of the same, and all means for making the same.

3.    That Defendants be required to account to MacLean for Defendants' profits from the sale of counterfeit and infringing automatic connectors, and for the unauthorized sale of any MacLean Power Connectors, and for such sum in addition thereto as the Court shall find just.

4.    That MacLean be awarded all profits, damages, costs and its attorneys fees pursuant to 15 U.S.C. § 1117(a).

11

5. That MacLean recovers the damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by MacLean, as provided in 15 U.S.C. § 1117(b).

6. That MacLean be awarded statutory damages, as provided in 15 U.S.C. § 1117(c).

7. That Defendants be required to disgorge their profits and other ill-gotten gains.

8. That MacLean has and recovers taxable costs of this action, including reasonable attorney's fees and interest.

9. That MacLean be awarded punitive damages in view of Defendants' wanton and deliberate illegal acts committed with oppression, fraud, or malice.

10. That Defendants be ordered to file with the Court and serve upon MacLean, within thirty (30) days after the service of the injunction upon Defendants, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment entered pursuant to this Complaint.

11. That MacLean be awarded such other and further relief as this court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), MacLean demands a trial by jury on all issues so triable.

Dated: May 2, 2008

RESPECTFULLY SUBMITTED,

MACLEAN-FOGG COMPANY
MACLEAN POWER, LLC

By /s/ Brad Graveline
One of Their Attorneys

Bradley C. Graveline
Brian D. Fergemann
Milena J. Spencer
**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700

Dana A. Alden
Robert J. Ambrose
**The Alden Law Group, LLP**
2122 York Road, Ste. 180
Oak Brook, IL 60523
Tel: (630) 368-7676
Fax: (630) 368-7677

13

CHI:2074599.10