UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MACLEAN-FOGG COMPANY, a Delaware
Corporation, and MACLEAN POWER, LLC,
a Delaware limited liability company,

        Plaintiffs,
and

NINGBO FASTLINK EQUIPMENT, CO.,
LTD., an Alien company, DAVID ZHANG, an
Alien, CHARLIE JIN, an Alien,
INTERNATIONAL CABLE CORPORATION, a
Massachusetts corporation, and
CABLE NETWORK ASSOCIATES, INC., a
Florida corporation,

        Defendants.
_____/

CASE NO: 08 CV 2593

JUDGE GUZMAN
MAGISTRATE JUDGE ASHMAN

**ANSWER & AFFIRMATIVE DEFENSES
OF DEFENDANT CABLE NETWORK ASSOCIATES, INC.**

Defendant Cable Network Associates, Inc. ("CableNetwork"), responds to the allegations of Plaintiffs' Complaint, as follows:

## JURISDICTION

1. CableNetwork admits that the Court has subject matter jurisdiction; the remaining allegations in paragraph 1 are denied.

## THE PARTIES

2. CableNetwork lacks sufficient information to form a belief as to the truth of the allegations of paragraph 2 and on that basis denies them.

3. CableNetwork lacks sufficient information to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies them.

4.  CableNetwork admits the allegations of paragraph 4.

5.  CableNetwork admits the allegations of paragraph 5.

6.  CableNetwork admits the allegations of paragraph 6.

7.  CableNetwork lacks sufficient information to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies them.

8.  CableNetwork lacks sufficient information to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies them.

## VENUE

9.  CableNetwork denies the allegations of paragraph 9 that pertain to CableNetwork, if any. CableNetwork lacks sufficient information to form a belief as to the truth of the allegations of paragraph 9 with respect the other Defendants and on that basis denies them.

10. CableNetwork denies the allegations of paragraph 10.

11. CableNetwork denies the allegations of paragraph 11.

## THE REGISTERED TRADEMARKS

12. CableNetwork lacks sufficient information to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies them.

13. CableNetwork lacks sufficient information to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies them.

14. CableNetwork admits that the online records of the U.S. Patent and Trademark Office show Maclean-Fogg Company as the owner of the alleged trademarks Strandvise (Reg. No. 2,980,923), Strandlink (Reg. No. 2,947,854), Wirevise (Reg. No. 717,743), and Wirelink (Reg. No. 725,802) on the principal register. CableNetwork denies the remaining allegations of paragraph 14.

15. CableNetwork denies the allegations of paragraph 15.

16. CableNetwork denies the allegations of paragraph 16.

### TRADEMARK COUNTERFEITING

17. CableNetwork denies the allegations of paragraph 17.

18. CableNetwork denies the allegations of paragraph 18.

19. CableNetwork denies the allegations of paragraph 19.

20. CableNetwork denies the allegations of paragraph 20.

21. CableNetwork admits that Ningbo manufactures and sells connectors. CableNetwork lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 21 and on that basis denies them.

22. CableNetwork lacks sufficient information to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies them.

23. CableNetwork lacks sufficient information to form a belief as to the truth of the allegations of paragraph 23 and on that basis denies them.

24. CableNetwork lacks sufficient information to form a belief as to the truth of the allegations of paragraph 24 and on that basis denies them.

25. CableNetwork lacks sufficient information to form a belief as to the truth of the allegations of paragraph 25 and on that basis denies them.

26. CableNetwork lacks sufficient information to form a belief as to the truth of the allegations of paragraph 26 and on that basis denies them.

27. CableNetwork lacks sufficient information to form a belief as to the truth of the allegations of paragraph 27 and on that basis denies them.

28.	CableNetwork admits that it has sold products manufactured by Ningbo. CableNetwork denies the remaining allegations of paragraph 28.

29.	CableNetwork lacks sufficient information to form a belief as to the truth of the allegations of paragraph 29 and on that basis denies them.

30.	CableNetwork lacks sufficient information to form a belief as to the truth of the allegations of paragraph 30 and on that basis denies them.

31.	CableNetwork admits that it has included on its invoices a description including "wirevise, deadend . . . " for the wirevise. CableNetwork denies the remaining allegations of paragraph 31.

32.	CableNetwork admits that it has included on its invoices the number "5058" as the "Item Number" for the wirevise. CableNetwork denies the remaining allegations of paragraph 32.

## TRADEMARK INFRINGEMENT

33.	CableNetwork denies the allegations of paragraph 33.

34.	CableNetwork denies the allegations of paragraph 34.

35.	CableNetwork denies the allegations of paragraph 35.

36.	CableNetwork denies the allegations of paragraph 36.

## COUNT I

### Violation of the Lanham Act
### (15 U.S.C. §1114 et seq.)

37.	The answers to paragraphs 1-36 are restated as if alleged herein.

38.	CableNetwork denies the allegations of paragraph 38.

39.	CableNetwork denies the allegations of paragraph 39.

40.	CableNetwork denies the allegations of paragraph 40.

4

## COUNT II

### Unfair Competition and False Designations of
### Origin and False and Misleading Representations
### (15 U.S.C. §1125(a))

41.  The answers to paragraphs 1-40 are restated as if alleged herein.

42.  CableNetwork denies the allegations of paragraph 42.

43.  CableNetwork denies the allegations of paragraph 43.

44.  CableNetwork denies the allegations of paragraph 44.

## COUNT III

### Violation of the Illinois Uniform Deceptive Trade Practices Act
### (815 ILCS §510/2)

45.  The answers to paragraphs 1-44 are restated as if alleged herein.

46.  CableNetwork denies the allegations of paragraph 46.

47.  CableNetwork denies the allegations of paragraph 47.

48.  CableNetwork denies the allegations of paragraph 48.

49.  CableNetwork denies the allegations of paragraph 49.

50.  CableNetwork denies the allegations of paragraph 50.

51.  CableNetwork denies the allegations of paragraph 51.

## COUNT IV

### Common law Trademark Infringement

52.  The answers to paragraphs 1-51 are restated as if alleged herein.

53.  CableNetwork denies the allegations of paragraph 53.

54.  CableNetwork denies the allegations of paragraph 54.

55.  CableNetwork denies the allegations of paragraph 55.

56.  CableNetwork denies the allegations of paragraph 56.

## COUNT V

### Common law Trademark Infringement

57.  The answers to paragraphs 1-56 are restated as if alleged herein.

58.  CableNetwork denies the allegations of paragraph 58.

59.  CableNetwork denies the allegations of paragraph 59.

60.  CableNetwork denies the allegations of paragraph 60.

61.  CableNetwork denies the allegations of paragraph 61.

62.  CableNetwork denies the allegations of paragraph 62.

## PRAYER FOR RELIEF

CableNetwork denies that Plaintiffs have suffered irreparable harm. CableNetwork further denies that Plaintiffs are entitled to injunctive relief, attorney's fees, costs, or any other relief in this action.

## TRIAL BY JURY

CableNetwork demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1.  This Court lacks personal jurisdiction over CableNetwork. CableNetwork lacks sufficient contacts with the forum state of Illinois.

2.  Venue in Illinois is improper. CableNetwork's residence is in Broward County, Florida. Substantially all of the alleged events or omissions took place in Florida.

3.  CableNetwork has not been properly served with process.

4.  To the extent that Plaintiff's claims relate directly to the enforcement of CableNetwork's invoice for the products purchased by or on behalf of Plaintiff, such claims are subject to the choice of law and forum provisions of CableNetwork's terms and conditions of sale,

which require that such claims be litigated exclusively in the Florida state courts located in Broward County, Florida, pursuant to Florida law.

5. CableNetwork used the terms alleged by Plaintiffs to be trademarks (the "Alleged Marks") without knowledge of the registrant's alleged prior use.

6. As of the date CableNetwork received notice of this action, CableNetwork has not conducted any activity alleged by Plaintiffs to be unlawful.

7. CableNetwork did not use the Alleged Marks with the intention of capitalizing on Plaintiff's reputation or goodwill.

8. Any use of the Alleged Marks by CableNetwork was de minimus and solely descriptive.

9. Any use of the Alleged Marks by CableNetwork was fair use.

10. Any reproduction of the Alleged Marks by CableNetwork was committed without knowledge that such reproduction was intended to be used to cause confusion, or to cause mistake, or to deceive.

11. CableNetwork's use of the Alleged Marks does not create confusion or a likelihood of confusion.

12. The Alleged Marks are merely generic, descriptive, or functional.

13. The Alleged Marks have not acquired secondary meaning.

14. Plaintiffs have abandoned the Alleged Marks.

15. Plaintiff's claims are barred by the first sale doctrine.

16. Plaintiffs' claims may be barred in whole or in part by estoppel.

17. Plaintiffs' claims may be barred in whole or in part by laches.

18. Plaintiff's claims may be barred in whole or in part by unclean hands.

19. Plaintiffs' claims may be barred in whole or in part by waiver.

20. Plaintiff's claims are moot.

21. Plaintiffs' claims are barred because an injunction is not justified by the relief it will provide.

22. CableNetwork states that because no discovery has taken place at this stage, CableNetwork reserves the right to request leave of this Court to assert other affirmative defenses as appropriate.

**WHEREFORE**, having answered, CableNetwork prays that Plaintiffs' Complaint be dismissed in its entirety, and that CableNetwork be awarded its attorney's fees and costs and any and all further relief that this Honorable Court deems just and proper.

Dated:  June 23, 2008.

Respectfully submitted,

By: /s/  *J. Michael Wermuth*
J. Michael Wermuth (Fla. Bar No. 50768)
michael@rgmwlaw.com
GONZALEZ & WERMUTH, P.L.
*Attorneys for Defendant*
*Cable Network Associates, Inc.*
8750 N.W. 36 Street, Suite 425
Miami, FL 33178
Tel: (305) 715-7157
Fax: (305) 715-8982