Bradley C. Graveline
Brian D. Fergemann
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601
Tel: (312) 558-5600
Fax: (312) 558-5700
bgraveline@winston.com
bfergemann@winston.com
*Attorneys for Plaintiffs, MacLean-Fogg Company and MacLean Power LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MACLEAN-FOGG COMPANY, a Delaware Corporation, and MACLEAN POWER, LLC, a Delaware Limited Liability Company,  )<br>)<br>)<br>)<br>)<br>Plaintiffs,  )<br>v.  )<br>)<br>NINGBO FASTLINK EQUIPMENT, CO., LTD., an Alien Company, DAVID ZHANG, an Alien, CHARLIE JIN, an Alien, INTERNATIONAL CABLE CORPORATION, a Massachusetts Corporation, and CABLENETWORK ASSOCIATES, INC., a Florida Corporation,  )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants.  )<br>) | Civil Action No. 08CV2593<br><br>Judge Guzman<br><br>Magistrate Judge Ashman<br><br>**WRITTEN REPORT OUTLINING PLAINTIFFS' PROPOSED DISCOVERY PLAN** |

By Order dated June 26, 2008, the Court directed the parties to submit a written report outlining their proposed discovery plan pursuant to the Court's case management procedures. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's case management procedures, the parties, International Cable Corporation ("ICC"), CableNetwork Associates, Inc. ("CNA"), and MacLean-Fogg Company and MacLean Power, LLC (collectively "MacLean" or

-1-

"Plaintiffs"), through their counsel, telephonically discussed the issues set forth in those Rules and procedures. Defendants Ningbo Fastlink Equipment, Co., Ltd ("Ningbo Fastlink"), Charlie Jin, and David Zhang, failed to respond to MacLean's good-faith attempt to schedule a conference. The parties were not able to agree on a schedule or the text of this report prior to filing.

## I. FACTUAL STATEMENT OF THE CLAIMS OR DEFENSES, AND A BRIEF STATEMENT OF THE LEGAL ISSUES:

This is an action for counterfeiting and infringement of MacLean's trademarks Strandvise, Strandlink, Wirevise, and Wirelink (referred to collectively as the "Trademarks"), and model or catalog numbers "5085" and "5059" (the "Model Numbers"). MacLean uses the Trademarks and Model Numbers in the manufacture, sale, and distribution of certain automatic connectors (the "MacLean Power Connectors"). MacLean alleges that the Defendants have been selling or offering to sell Ningbo Fastlink connectors in association with MacLean Trademarks and Model Numbers. In so doing, MacLean asserts that the Defendants have committed torts against it and likewise have violated statutory law; additionally, MacLean alleges that it has suffered (and will continue to suffer) injuries resulting from these activities. MacLean's causes of action include the following:

MacLean alleges that Defendants have violated the Lanham Act, 15 U.S.C. § 1141(1) *et seq.*, by selling or offering for sale, automatic connectors identified by the Trademarks. MacLean additionally alleges that Defendants have violated the Act by using the Model Numbers in connection with the sale of automatic connectors to create further confusion with respect to the source of the counterfeit automatic connectors.

MacLean further alleges that Defendants' use of the Trademarks in interstate commerce amounts to unfair competition and involves false designations of origin and false and misleading representations in violation of 15 U.S.C. § 1125(a).

Additionally, MacLean alleges that Defendants' use of the Trademarks constitutes a deceptive trade practice in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS § 510/2 *et seq.*, insofar as it passes off their products as those of MacLean; causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certificate of MacLean's products; causes a likelihood of confusion or misunderstanding as to the affiliation, connection or association with certification by MacLean; or represents that Defendants' products have approval or sponsorship that they do not have.

MacLean also alleges common law trademark infringement because Defendants' conduct causes, and continues to cause, confusion with MacLean's distinctive Trademarks. MacLean contends that consumers are likely to be confused as to affiliation, connection, or association with MacLean, or as to origin, sponsorship, or approval of MacLean of the Ningbo Fastlink connectors.

MacLean alleges that the Defendants unjustly enriched themselves by selling and passing off their respective products as MacLean Power Connectors through the use of infringement, imitation and misappropriation of the Trademarks and Model Numbers. Accordingly, MacLean alleges that the Defendants' unauthorized use constitutes the common law tort of unfair competition.

**II.     DISCOVERY CONDUCTED BY THE PARTIES TO DATE:**

MacLean and ICC conferred on July 1, 2008, to address Rule 26 issues as part of their preparation for a forthcoming Joint Discovery Plan.  MacLean and CNA conducted a separate conference on July 2, 2008, for the same purpose.  Apart from these conferences, both CNA and ICC have produced some documents relevant to discovery pursuant to this Court's temporary restraining order.  Neither ICC nor CNA has, to date, fully complied with the document production requirements of the Temporary Restraining Order.

**III.     DISCOVERY PROBLEMS ENCOUNTERED TO DATE:**

MacLean has been unable to secure the consent of the other parties regarding discovery plan deadlines and arrangements prior to filing this document.  Additionally, as mentioned above, Ningbo Fastlink, Zhang, and Jin have been entirely unresponsive to MacLean's outreach for a meet and confer on discovery-related matters.

Finally, although CNA has produced marginal amounts of responsive documents, CNA has yet to fully comply with the production requirements imposed upon it by this Court's Temporary Restraining Order.

**IV.     ESTIMATE OF TIME NEEDED TO COMPLETE FACT DISCOVERY:**

MacLean will submit the disclosures required by Rule 26(a)(1) no later than August 1, 2008.  MacLean proposes November 6, 2008, as an appropriate deadline for fact discovery. MacLean believes all fact discovery can be completed within three months.  MacLean does not

currently envision a need to request leave to exceed the ten deposition maximum set forth by Rule 30(a)(2)(A)(i).

V.   **STATEMENT OF WHETHER EXPERT TESTIMONY WILL BE NECESSARY AND THE ANTICIPATED SCHEDULE FOR RETENTION OF EXPERTS AND SUBMISSION OF REPORTS:**

MacLean expects to proffer expert testimony in support of its positions. MacLean proposes that (1) opening expert reports on issues for which the party bears the burden of proof should be served by December 8, 2008; (2) all responsive expert reports should be served by January 7, 2009; and (3) all expert depositions should be completed by February 6, 2009.

VI.  **STATEMENT OF WHETHER THERE SHOULD BE ANY LIMITATION PLACED UPON USE OF ANY DISCOVERY DEVICE:**

MacLean does not propose at this time that any limit be placed on the use of any discovery device.

VII. **SPECIAL DISCOVERY NEEDS OF THE:**

MacLean anticipates that the parties will agree to the terms of a Protective Order to protect the confidentiality of business and technical information sought by the other parties for purposes of the litigation. MacLean proposes that a Protective Order should be submitted to Magistrate Judge Ashman for approval shortly, but no later than August 1, 2008.

**VIII.　DATES BY WHICH PARTIES MUST MOVE TO AMEND PLEADINGS OR ADD NEW PARTIES:**

MacLean proposes that motions to amend pleadings or add new parties must be filed by the proposed date at which fact discovery ends: November 6, 2008.

**IX.　DATES FOR DISPOSITIVE MOTIONS:**

MacLean proposes that summary judgment, and other dispositive motions, should be filed on or before March 9, 2009, which is thirty days after the proposed close of expert discovery.

**X.　SETTLEMENT POSSIBILITY:**

MacLean is willing to engage in settlement discussions with any or all Defendants.

Dated July 8, 2008　　　　　　　　　　　　　　　Respectfully Submitted,


　　　　　　　　　　　　　　　　　　　　　By:　　__s/ Brad Graveline_____

| | |
|---|---|
| Dana A. Alden | Bradley C. Graveline |
| Robert J. Ambrose | Brian D. Fergemann |
| The Alden Law Group, LLP | Winston & Strawn LLP |
| 2122 York Road, Ste. 180 | 35 West Wacker Drive |
| Oak Brook, IL  60523 | Chicago, IL  60601 |
| Tel: (630) 368-7676 | Tel: (312) 558-5600 |
| Fax: (630) 368-7677 | Fax: (312) 558-5700 |
| dalden@aldenlawgroup.com | bgraveline@winston.com |
| rambrose@aldenlawgroup.com | bfergemann@winston.com |
| *Attorneys for Plaintiffs, MacLean-Fogg Company and MacLean Power, LLC* | *Attorneys for Plaintiffs, MacLean-Fogg Company and MacLean Power, LLC* |