IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MACLEAN-FOGG COMPANY and MACLEAN POWER, LLC | ) ) ) | |
| Plaintiffs, | ) ) | No. 08 CV 2593 |
| v. | ) ) | Judge Ronald A. Guzman |
| NINGBO FASTLINK EQUIPMENT CO., LTD, DAVID ZHANG and CHARLIE JIN | ) ) ) ) ) | Magistrate Judge Michael T. Mason |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, MacLean-Fogg Company and MacLean Power LLC, filed this action against defendants Ningbo Fastlink Equipment Co., Ltd. ("Ningbo Fastlink"), David Zhang ("Zhang") and Charlie Jin ("Jin") (collectively the "Ningbo Defendants"), as well as other defendants later dismissed following settlement, for alleged trademark infringement. In their complaint, plaintiffs allege that Ningbo Fastlink is a Chinese company with its principal place of business in Tiantong, Wuxiang, Yinzhou, Ningbo Zheijung, China. Plaintiffs further allege that Zhang resides in China and is or was employed by Ningbo Fastlink, and Jin resides in China and is employed by Ningbo Fastlink. Presently before this Court is plaintiffs' motion for an order for alternative service pursuant to Fed. R. Civ. P. 4(f)(3). Specifically, plaintiffs ask this Court to enter an order finding that: (1) service by e-mail and facsimile on the Ningbo Defendants is proper pursuant to Fed. R. Civ. P. 4(f)(3); (2) plaintiffs' prior service attempts were reasonably calculated to notify the Ningbo Defendants of this action; and (3) the summons and complaint have been properly served pursuant to Fed. R. Civ. P.

4(I)(2)(B). For the reasons set forth below, this Court finds that under the circumstances of this case, service by e-mail and facsimile is proper and is reasonably calculated to notify the Ningbo Defendants of this action. Accordingly, plaintiffs are granted leave to effectuate service via e-mail and facsimile.

Turning first to plaintiffs' efforts to effectuate service, we note that Ningbo Fastlink maintains a website, www.fastlink.com.cn, The website indicates that the company's address is: Ningbo Fastlink Equipment Co., LTD; Tiantong, Wuxiang, Yinzhou, Ningbo, Zhejiang, China (the "Ningbo Fastlink Address").[1] Plaintiffs allege that they attempted to serve the complaint and summons by Federal Express to each of the Ningbo Defendants at the Ningbo Fastlink Address. Plaintiffs attach as a group exhibit to their motion Federal Express signature pages for three packages and tracking reports indicating successful delivery and signature on May 26, 2008. Because the signatures are in Chinese characters, this Court cannot determine the individuals who signed for the specific packages. However, the tracking reports indicate that Federal Express delivered the packages to the "Guard / Security Station."

On August 18, 2008, almost three months after Federal Express delivered the packages, an unidentified individual returned the packages to the Chinese Federal Express facility and reported that the recipients had moved from the Ningbo Fastlink Address. Despite this representation, Ningbo Fastlink's website continues to list the Ningbo Fastlink Address as the point of contact for (and address of) the company.

---

[1] This address differs from that alleged in plaintiffs' complaint. The Ningbo Fastlink Address is "Zhejiang, China" while the complaint identifies Ningbo Fastlink's address as "Zheijung, China."

Plaintiffs also attach as an exhibit to their motion an e-mail, dated August 26, 2008, evidencing service of the complaint, summons, and related documents to the following e-mail addresses: "david@fastlink.com.cn" "nxlj8888@vip.sina.com" and "Cjin@fastlink.com.cn". Plaintiffs aver that these e-mail addresses are for Zhang, Ningbo Fastlink and Jin, respectively. Ningbo Fastlink's website identifies Jin as the company's general manager and states that he may be contacted at the aforementioned e-mail address. Finally, plaintiffs attach as a group exhibit facsimile confirmation sheets for each of the Ningbo Defendants at the following fax number: 011-86-574-88486773. Ningbo Fastlink's website continues to list this number as a contact point.

The Ningbo Defendants are residents of China. Pursuant to Fed. R. Civ. P. 4(f), an individual "may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . [or] (3) by other means not prohibited by international agreement, as the court orders." A corporation, partnership, or association not within any judicial district of the United States may be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery." Fed. R. Civ. P. 4(h)(2). China and the United States are both signatories to the Hague Convention. The Hague Convention does not prohibit service by e-mail or facsimile. *See Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 11140639, *2 (N.D. Cal. April 17, 2007). Therefore, this Court concludes that in certain circumstances service of process via e-mail and facsimile is appropriate and may be authorized under Fed. R. Civ. P. 4(f)(3).

Having found that service via e-mail and facsimile is facially permitted by Fed. R. Civ. P. 4(f)(3), we must determine if the proposed method of service in this case comports with constitutional notions of due process. To meet this requirement, the method of service must be reasonably calculated, under all of the circumstances, to apprise the Ningbo Defendants of the pendency of this action and afford them an opportunity to present objections. *See, e.g. Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002); *Philip Morris USA Inc. v. Veles Ltd.*, 2007 WL 725412, *2-3 (S.D.N.Y. March 12, 2007). Here, plaintiffs have demonstrated that the Ningbo Defendants conduct business through their website and correspond with customers via e-mail and facsimile. Plaintiffs have also demonstrated a high likelihood that the Ningbo Defendants would receive and respond to e-mail communications, as shown by the inclusion of e-mail addresses on Ningbo Fastlink's website. Accordingly, we find that service upon the Ningbo Defendants by e-mail and facsimile is reasonably calculated to apprise them of the pendency of this action and afford them an opportunity to present their objections. *See, e.g. Rio Properties*, 284 F.3d at 1017-18 (concluding that service by e-mail was reasonably calculated to apprise defendant of the action and afford it an opportunity to respond); *Popular Enterprises, LLC v Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (granting motion to permit service on defendant by e-mail).

Plaintiffs also ask this Court to find that the summons and complaint have been properly served. We do not. Rule 4(f)(3) allows for service by other means "as the court orders," it does not explicitly authorize the Court to retroactively approve a means of service. *Fed. R. Civ. P.* 4(f)(3); *Brockmeyer v. May*, 383 F.3d 789, 806 (9th Cir.

2004) (collecting cases).  Although this Court does not find that the service effectuated was improper, in an abundance of caution, we order plaintiffs to re-serve the complaint, summons and any related documents via e-mail and facsimile by December 16, 2008.

Accordingly, for the reasons stated above, plaintiffs' request that this Court find the complaint and summons were properly delivered pursuant to Fed. R. Civ. P. 4(l)(2)(B) is denied.  *See id.*  Plaintiffs' motion is granted as to all other aspects.


ENTERED:

_____
**MICHAEL T. MASON**
**United States Magistrate Judge**

**DATED: December 1, 2008**